UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| )                               | |
| Plaintiff,              ) | Case No. 1:06-cr-00323 |
| )                               | |
| v.                              ) | Honorable Robert Holmes Bell |
| )                               | |
| LEODEGARIO LOPEZ-MEJIA,         ) | |
| )                               | |
| Defendant.             ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on May 2, 2007, after receiving the written consent of defendant and all counsel. At the hearing, defendant Leodegario Lopez-Mejia entered a plea of guilty to Count One of the Indictment, charging defendant with conspiracy to distribute more than fifty (50) kilograms of marijuana in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

Regarding the factual basis for the plea, defendant admitted to facts that would support that he either knew or could have foreseen that more than fifty (50) kilograms of marijuana was involved in his relevant conduct, that is, renting a U-Haul van and storage space. He denied personal knowledge of facts contained in ¶ 4 of the plea agreement, that there was approximately 1300 pounds involved in the total conspiracy among the defendants, but he agreed to this stipulation and conceded that the government could prove this amount at trial.

I therefore recommend that defendant's plea of guilty to Count One of the Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge. The clerk is directed to procure a transcript of the plea hearing for review by the District Judge.

Date:  May 3, 2007                                /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).